US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 2 1 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| Leah Simmons, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 14-6134 |
| | § | |
| Veranda Marine, Inc. and Beavers | § | |
| Bend Management, LLC, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

1.    Plaintiff Leah Simmons is a citizen and resident of Edgewood, Texas.

2.    Defendant Veranda Marine, Inc. ("Veranda Marine") is a designer and manufacturer of pontoon boats and is a corporation organized under the laws of Arkansas, with its principal place of business in Hot Springs, Arkansas.  Veranda Marine is a citizen of Arkansas and its registered agent is Rodney Herndon, who may be served at 199 Extrusion Place, Hot Springs, Arkansas 71901.

3.    Defendant Beavers Bend Management, LLC ("Beavers Bend") is an Oklahoma limited liability company that owns and/or operates Beavers Bend Marina on Lake Broken Bow in Oklahoma.  Beavers Bend is a citizen of Oklahoma and its registered agent is Ross Garrett, who may be served at Route 4, Box 77-2, Broken Bow, Oklahoma 74728.

4.    This Court has jurisdiction over this dispute by virtue of 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000, exclusive of costs.

5.     Upon information and belief, Defendant Veranda Marine designed, manufactured, sold, and distributed the subject pontoon boat, a 2011 Veranda pontoon boat, identification number JBC71798E111.

6.     Upon information and belief, Defendant Beavers Bend purchased the subject pontoon boat from Defendant Veranda Marine in Hot Springs, Arkansas.

7.     On or about July 23, 2013, Leah Simmons and her family rented and were provided the subject Veranda Marine pontoon boat from Beavers Bend Marina on Lake Broken Bow.  Approximately fifteen minutes into the boat trip, Mrs. Simmons exited the pontoon boat through the side hinged gate.  As she exited the pontoon boat, the ring finger and pinky finger on her left hand were caught in an unguarded pinch point, resulting in a degloving injury to both her little finger and ring finger.

8.     As a result of this event, Leah Simmons suffered significant injury to her left hand, little finger, and ring finger.  In addition, Mrs. Simmons has suffered and will in the future suffer great physical pain, suffering, mental anguish, emotional distress, loss of enjoyment of life, disfigurement, and impairment of health and bodily efficiency.  In addition, she has incurred and will continue to incur medical and rehabilitation-related expenses.

**First Cause of Action Against Veranda Marine – Negligence/Gross Negligence**

9.     Defendant Veranda Marine was negligent, careless, reckless, and grossly negligent with respect to the event described above in the following particulars:

    a.     In failing to properly design the gate and safety rail system to eliminate the hazardous pinch points;

    b.     In failing to properly manufacture the gate and safety rail system to eliminate hazardous pinch points;

    c.     In failing to properly and adequately guard the pinch points caused by the design of the gate and safety rail system;

2

d.      In failing to properly install the gate and safety rail system to eliminate hazardous pinch points;

e.      In failing to provide adequate warnings about the hazardous pinch points;

f.      In failing to provide adequate warnings and adequate guarding kits to the dealers and ultimate users of Defendant's boats after notice of potential finger injuries;

g.      In failing to provide adequate instructions on avoiding injury from the hazardous pinch points;

h.      In failing to use appropriate materials to adequately guard the pinch points caused by the design of the gate and safety rail system;

i.      In failing to test and inspect the gate and rail system to identify potential hazardous pinch points; and/or

j.      In failing to exercise the degree of care which a reasonable prudent person would have exercised under the same circumstances.

10.      All of which combined and concurred as a direct and proximate cause of the injuries and damages suffered by Plaintiff.

### First Cause of Action Against Beavers Bend – Negligence/Gross Negligence

11.      Defendant Beavers Bend was negligent, careless, reckless, and grossly negligent with respect to the event described above in the following particulars:

a.      In failing to properly and adequately guard the pinch points caused by the design of the gate and safety rail system after it knew or should have known of the hazard;

b.      In failing to provide adequate warnings about the hazardous pinch points;

c.      In failing to provide adequate warnings and adequate guarding kits to ultimate users of Defendant's boats after notice of potential finger injuries;

d.      In failing to provide adequate instructions on avoiding injury from the hazardous pinch points;

e.      In failing to test and inspect the gate and rail system to identify potential hazardous pinch points; and/or

3

> f. In failing to exercise the degree of care which a reasonable prudent person would have exercised under the same circumstances.

12. All of which combined and concurred as a direct and proximate cause of the injuries and damages suffered by the Plaintiff.

## Second Cause of Action Against Veranda – Strict Liability

13. Upon information and belief, at the time of injury to Leah Simmons, the Veranda pontoon boat, with its gate and safety rail system, was in substantially the same condition as when designed manufactured, sold, and distributed by Defendant Veranda Marine, undergoing no substantial subsequent modifications.

14. Due to its design, manufacture, and failure to warn, the boat with its gate and safety rail system, was in a defective condition and unreasonably dangerous.

15. The injuries and damages suffered by Plaintiff were directly and proximately caused by the defective and unreasonably dangerous condition of the Veranda boat with its gate and safety rail system.

## Second Cause of Action Against Beavers Bend – Strict Liability

16. Upon information and belief, at the time of injury to Leah Simmons, the Veranda pontoon boat, with its gate and safety rail system, was in substantially the same condition as when provided by Beavers Bend to Plaintiff, undergoing no substantial subsequent modifications.

17. Due to its design, manufacture, and failure to warn, the boat with its gate and safety rail system, was in a defective condition and unreasonably dangerous.

4

18.     The injuries and damages suffered by Plaintiff were directly and proximately caused by the defective and unreasonably dangerous condition of the Veranda boat with its gate and safety rail system.

### Third Cause of Action Against Veranda Marine – Implied Warranty

19.     By virtue of the sale of the Veranda boat for use by an ultimate consumer, Defendant Veranda Marine impliedly warranted to the Plaintiff that the boat with its gate and safety rail system was merchantable and fit for the purpose intended.

20.     The boat with its gate and safety rail system, in fact, was not merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defectively and unreasonably dangerous.

21.     As a direct and proximate result of the breach of the implied warranty of merchantability by Defendant Veranda Marine, Plaintiff Leah Simmons was severely injured and incurred damages.

### Third Cause of Action Against Beavers Bend – Implied Warranty

22.     By virtue of the rental of the Veranda boat for use by an ultimate consumer, Defendant Beavers Bend impliedly warranted to the Plaintiff that the boat with its gate and safety rail system was merchantable and fit for the purpose intended.

23.     The boat with its gate and safety rail system, in fact, was not merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defectively and unreasonably dangerous.

24.     As a direct and proximate result of the breach of the implied warranty of merchantability by Defendant Beavers Bend, Plaintiff Leah Simmons was severely injured and incurred damages.

**Damages**

25.     As a direct and proximate result of Defendants' conduct, Plaintiff Leah Simmons

has suffered the following injuries and damages:

a.     Medical expenses in the past and future;

b.     Physical pain, suffering, and mental anguish in the past and future;

c.     Emotional distress in the past and future;

d.     Disfigurement;

e.     Loss of enjoyment of life in the past and future; and

f.     Impairment of health and bodily efficiency.

WHEREFORE, the Plaintiff prays for judgment against Defendants Veranda Marine and

Beavers Bend in a sum sufficient to adequately compensate her for her actual damages and for

such punitive damages as a jury may reasonably award, for the cost of this action, and for such

other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LAW OFFICES OF A. CRAIG EILAND, PC**

By:

A. Craig Eiland
Federal Bar No. 9076
Texas State Bar No. 06502380
Attorney for Plaintiff Leah Simmons
Law Offices of A. Craig Eiland, PC
Old Galveston Square
2211 The Strand, Suite 201
Galveston, Texas 77550
Telephone: (409) 763-3260
Email: ceiland@eilandlaw.com