IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEAH SIMMONS                                                                                              PLAINTIFF

vs.                                         Civil No. 6:14-cv-06134

VERANDA MARINE, INC. et al.                                                                  DEFENDANTS

## ORDER

Before the Court is the Federal Insurance Company's, Chubb National Insurance Company's, and Chubb Indemnity Insurance Company's[1] Motion to Quash. ECF No. 69. This Motion was filed on August 7, 2015. *Id.* Plaintiff responded on August 21, 2015. ECF No. 83. This Motion has been referred to the undersigned and is now ripe for consideration.

**1.   Background:**

With this Motion, Federal Insurance seeks to quash three subpoenas directing the production of certain documents by August 31, 2015. ECF No. 69. The following documents are requested: "Any and all documents, correspondence, and communications (including email) to your insured Aluma-Weld, Inc. and/or Veranda Marine, Inc., 199 Extrusion Place, Hot Springs, AR 71907, reflecting or relating to 'pinch points' (the points where the railing and gate meet) on pontoon boats, the potential hazards presented by such pinch points, and/or knowledge of the potential for or actual injuries to fingers or hands as a result of them getting caught in said pinch points. This subpoena seeks information from the period July 31, 2012 to July 31, 2013."

Plaintiff has responded to this Motion. ECF No. 83. In this response, Plaintiff claims these documents are relevant in this lawsuit and must be produced. *Id.* Further, Plaintiff argues that, at

---

[1] The Court will refer to these three insurance companies collectively as "Federal Insurance."

a minimum, Federal Insurance must produce a privilege log if Federal Insurance is withholding documents based upon a privilege claim. *Id.*

2. **Applicable Law:**

Pursuant to Federal Rule of Civil Procedure 45, a party may subpoena documents and command attendance at a deposition from a non-party. Also under Rule 45, that non-party may move to quash or modify a subpoena under certain circumstances such as where that subpoena fails to allow a reasonable time to comply, requires disclosure of privileged or other protected matters, or subjects the non-party to an undue burden. *See* FED. R. CIV. P. 45(d)(3).

Additionally, under Rule 45(e)(2), where a non-party claims documents should be withheld based upon a claim of privilege, that non-party must (1) "expressly make the claim" and (2) provide a privilege log or "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

3. **Discussion:**

In the present action, it appears Federal Insurance intends to provide no documents responsive to these subpoenas.[2] As noted above, Federal Insurance has a two-part objection to production: (1) privilege (work product and attorney-client) and (2) unduly burdensome. ECF No. 69. The Court finds neither of these blanket objections has merit.

First, if Federal Insurance is claiming a privilege applies (work product or attorney-client), Federal Insurance has the responsibility to comply with the clear dictates of Rule 45(e)(2) of the

---

[2] It appears no responsive documents have been produced, but Federal Insurance's deadline is not until August 31, 2015.

Federal Rules of Civil Procedure and produce a privilege log.  Federal Insurance is not permitted to merely produce nothing.

Second, as to the claim that these subpoenas are unduly burdensome, Federal Insurance has presented no proof demonstrating compliance would be unduly burdensome.  As noted above, Plaintiff's request is specific and is narrow as to the time-period (one year from July 31, 2012 until July 31, 2013).  There is simply no demonstration that Federal Insurance's compliance with these subpoenas would be unduly burdensome.

4. **Conclusion:**

Based upon the foregoing, Federal Insurance's Motion to Quash (ECF No. 69) is **DENIED.**

**ENTERED this 27th day of August 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE